UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUNIOR M. RICKETTS,

        Petitioner,

    -v-                                  DECISION AND ORDER
                                            09-CV-0288Sr

HERON, Facilities Director, et al.,,

        Respondents.

[FILED AUG 21 2009 — MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY]

---

On March 30, 2009, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued administrative custody pending removal to Jamaica. The Court granted petitioner permission to proceed as a poor person and directed the respondents to file and serve and answer and memorandum of law in response to the petition. (Docket No. 6). Petitioner had also filed a motion for leave to file a supplemental petition which the undersigned denied on the basis that petitioner's supplemental application was, in effect, yet another challenge to petitioner's final order of removal on the basis that he was a United States citizen and not subject to removal, which the Court found it had no jurisdiction to adjudicate. (Docket No. 7, Decision and Order, at 2-3 (citing *Ricketts v. Mule*, 07-CV-0138Sr (Consent), Docket No. 23, Decision and Order, at 10 (citing 8 U.S.C. § 1252(b); *Tam v. Dept. of Homeland Security*, No. 05-CV-473, 2006 WL 839425, at *2 (W.D.N.Y. Mar. 28, 2006)). As noted in the Court's Decision and Order denying leave to file a supplemental application: "[p]etitioner's claim . . . is exactly that–review of his citizenship claims based on a claim that he was not properly served with the Notice of Intent/Decision to Reinstate Prior Order of Removal." (Docket No. 7, Order, at 2-3).

Petitioner has now filed a motion to reconsider the Court's denial of his motion for leave to file a supplemental application contending that was he was seeking was not review of the final order of removal based on a claim of citizenship but rather he was seeking to "revive his rights to appeal a final administrative order of removal, pursuant to 28 U.S.C. § 2241." (Docket No. 12).[1]

Because the Court finds that petitioner's motion for reconsideration is simply an attempt to appeal this Court's earlier order denying his request to supplement his petition, and another attempt to have this Court review a final order of removal it is denied. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also Richman* v. W.L. Gore & Assocs., 988 F.Supp. 753, 755 (S.D.N.Y.1997) ("The major grounds that justify a reconsideration involve an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice."); *Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 289 F.Supp.2d 337, 340 (E.D.N.Y.2003); *Herschaft v. The New York City Campaign Fin. Bd.*, 139 F.Supp.2d 282, 283-84 (E.D.N.Y.2001).

The Court has previously held on at least two occasions that it had no jurisdiction to adjudicate petitioner's claims regarding his citizenship and the lawfulness *vel non.* of hiss order of

---

[1]Plaintiff has also moved to hold his petition in abeyance pending the outcome of a Jamaican Immigration Investigative Report on the basis that he was informed recently that the Jamaican Consulate was investigating whether he had any legal birth certificate or passport from Jamaica. Apparently, petitioner believes that any determination from the Jamaican Consulate will clear up any issues regarding whether his final order of removal is lawful--an issue the Court has already determined is not before it. The only issue now before this Court on petitioner's § 2241 petition for a writ of habeas corpus is the lawfulness of his continued detention pending removal.
   Because this matter is currently assigned to H. Kenneth Schroder, U.S.M.J. petitioner's motion for a stay will be left for determination by Magistrate Judge Schroder.

removal and it is not going to revisit those findings again. (Docket No. 7, Decision and Order, at 2-3; *Ricketts v. Mule*, 07-CV-0138Sr (Consent), Docket No. 23, Decision and Order, at 10-11 (citing 8 U.S.C. § 1252(b), Order United States Magistrate H. Kenneth B. Schroeder).

Accordingly, petitioner's motion for reconsideration (Docket No. 12) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: August 31, 2009
Rochester, New York