**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JUNIOR M. RICKETTS, A#027-024-434**

        Petitioner,

        v.                                              09-CV-0288A(Sr)

**MARTIN HERON, Facilities Director, et al.,**

        Respondents.

---

**DECISION AND ORDER**

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #28.

Plaintiff commenced this action *pro se*, pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security, Bureau of Immigration and Custom Enforcement ("ICE"), since September 5, 2006. Dkt. #1.

Currently before the Court is petitioner's motion to expedite the Court's determination of his petition for writ of *habeas corpus* (Dkt. #14); motion to compel discovery (Dkt. #26); and motion for an extension of time to reply to respondents' supplemental opposition to his petition for writ of *heabeas corpus* until the motion to compel has been resolved. Dkt. #27. For the following reasons, the motion to expedite

is denied; the motion to compel is denied; and the motion for an extension of time is granted.

## BACKGROUND

By Decision and Order entered January 13, 2009, the Court determined that petitioner's continued detention was permissible because petitioner had obstructed efforts to effect his removal to Jamaica. 07-CV-138 at Dkt. #23. Specifically, the Court determined that

> petitioner has obstructed Respondent's attempts to effectuate his removal by directing the Consulate General of Jamaica not to issue travel documents to him and advising the Consulate General of Jamaica that he is not a citizen of Jamaica, causing Jamaica to investigate petitioner's nationality before deciding whether to issue travel documents for petitioner. Petitioner has repeatedly failed to cooperate with Respondent's requests to assist in obtaining travel documents and continues to reference fraudulent documents in support of his claim to United States citizenship, prompting Jamaica to advise Respondent that Jamaica will not issue a travel document until petitioner's identity is confirmed.

Dkt. #23, pp.11-12 (internal citations omitted). The Court of Appeals for the Second Circuit denied petitioner's motions for a certificate of appealability and *in forma pauperis* status and dismissed petitioner's appeal by Order entered April 13, 2009.

By letter dated December 21, 2009, the Deputy Consul General of Jamaica advised that

> The Jamaican immigration authorities have now confirmed that a verification exercise has been completed in your case and that you have been confirmed as an American. They advise that you should remain in the United States of America

> and your relatives contacted to authenticate your claim to United States citizenship. **Note was taken of the fact that the US Embassy in Jamaica "also investigated and found that the subject was indeed an American citizen, born Paul Milton Miles but changed his name because of his religion."**
>
> It was observed that you were repatriated to the United States in February 2003 after you were provided with a United States passport by the US Embassy.

Dkt. #15, p.13 (emphasis in original).

Respondent argues that this decision is based upon petitioner's provision of false information to the Jamaican Consulate. Dkt. #18, ¶ 38. Specifically, Respondent argues that petitioner fraudulently assumed the identity of United States citizen Paul Milton Miles, who was born on August 31, 1964, in Brooklyn, New York following his admission into the United States as a nonimmigrant in 1982. Dkt. #18, ¶ 40. Subsequently, petitioner applied for and was issued a United States passport under the identity of Paul Milton Miles. Dkt. #18, ¶¶ 41-42. Thereafter, petitioner legally changed Paul Milton Miles' name to Junior Mohammed Ricketts. Dkt. #18, ¶ 43. The United States Department of State amended the passport to reflect the name change on August 23, 1984. Dkt. #18, ¶ 44.

In November of 1990, petitioner began employment as an eligibility specialist with the New York City Human Resources Administration. Dkt. #18, ¶ 45. An Office of Inspector General investigation conducted by the New York City Human Resources Administration discovered that petitioner had changed post office box

addresses assigned to homeless clients in the Welfare Management System database to his own address so that he received the checks issued to clients, and that petitioner had also deposited checks intended for AIDS patients into his own bank account. Dkt. #18, ¶ 46. The investigation determined that petitioner had embezzed $111,052.38 between December 1990 and June 1992. Dkt. #18, ¶ 47.

On October 16, 1992, the Office of Inspector General executed a federal search warrant at petitioner's residence and discovered Jamaican passport number 565227 issued June 24, 1983 by the Jamaican Consulate in New York in the name of Junior Nathaniel Ricketts, bearing petitioner's photo, and noting that Junior Nathaniel Ricketts previously traveled on a Jamaican Passport No. 114877. Dkt. #18, ¶ 49. Jamaican Passport No. 114877 was issued to Junior Nathaniel Rickets, born October 12, 1955, in St. Andrew, Jamaica. Dkt. #18, ¶ 51.

The Office of Inspector General interviewed the mother of Paul Milton Miles, Lizzie Mae Page of Brooklyn, New York. Dkt. #18, ¶ 52. Ms. Page informed the Office of Inspector General that she had not had contact with her son since 1986 and denied that a photograph of petitioner was her son. Dkt. #18, ¶ 52. The Office of Inspector General also obtained an arrest photo of Paul Milton Miles which does not depict petitioner. Dkt. #18, ¶ 52.

Contrary to the letter from the Jamaican Consulate, the American Embassy in Kingston Jamaica denies issuing petitioner a travel document in 2003. Dkt. #18, ¶ 65.

-4-

## DISCUSSION AND ANALYSIS

Petitioner's discovery demands seek:

1. a copy of the letter addressed to the Head of the Buffalo Federal Detention Facility from Deputy Consul General Tracy Blackwood on December 21, 2009 regarding the result of the Jamaican investigation of petitioner's identity;

2. all I-94 documents relating to the use of Junior Nathaniel Ricketts' Jamaican passport number 565227 between May 1, 1980 and January 1, 1983;

3. the I-94 document indicating the place, time and passport number used to enter the United States as a nonimmigrant between October 1, 1982 and December 31, 1982;

4. the December 28, 1992 statement of Lizzie Page and documents used to identify her as the mother of Paul Milton Milton Miles; and

5. a copy of the New York State Police records and arrest photo of Paul Milton Miles.

Dkt. #26.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The "broad discovery provisions" of the Federal Rules of Civil Procedure are not applicable in *habeas* proceedings. *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Rather, discovery in *habeas* proceedings is governed by the following:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*Bracy*, 520 U.S. at 904. "Good cause" exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09 (internal quotation omitted).

In assessing whether a *habeas* petitioner is entitled to discovery, courts must first identify the "essential elements" of the petitioner's claim. *Id.* In the instant case, it is important to note that this Court lacks jurisdiction over any claim that petitioner is a United States citizen. Such a claim was required to be brought before the Court of Appeals for the judicial circuit in which the Immigration Judge completed the proceedings within 30 days of the final order of removal. 8 U.S.C. § 1252 (b); *see Tam v. Dep't of Homeland Security*, No. 05-CV-473, 2006 WL 839425, at *2 (W.D.N.Y. Mar. 28, 2006)("review of nationality claims in the context of removal orders must occur, in the first instance, in the court of appeals.").

Petitioner defaulted his appeal for judicial review of the Immigration Judge's determination that he was not a United States citizen. *See* Dkt. #00-3270 at https://ecf.ca3.uscourts.gov/cmecf. Petitioner presented his claim of citizenship to the Court of Appeals for the Third Circuit again in 2006, but the Court of Appeals rejected his claim as untimely. 07-CV-138 at Dkt. #5, ¶10 & p.51. Petitioner subsequently moved to reopen his immigration removal proceedings before the Board of Immigration Appeals and appealed the denial of that motion to the Court of Appeals for the Third Circuit and the United States Supreme Court, which denied *certiorari*. 07-CV-138 at Dkt. #20, ¶¶ 6-9 & Dkt. #20-2, pp.16-17. By Order entered February 9, 2010, the Court of Appeals for the

Third Circuit denied petitioner's second motion to reinstate his petition for review. Dkt. #24, p.9. This Court cannot circumvent those determinations.

As a result, the only issue properly before this Court is the propriety of petitioner's continued detention. See 28 U.S.C. § 2241(c)(3) (The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States). However, with the exception of the first document request, which seeks a document petitioner provided to the Court and, therefore, already possesses, petitioner's document demands seek documents relating to his claim of United States citizenship rather than the likelihood of his removal to Jamaica. As a result, the motion to compel is denied.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion to compel (Dkt. #26), is denied. Petitioner's motion for an extension of time to file a reply memorandum in further support of his petition (Dkt. #27), is granted. Petitioner shall file his reply no later than **June 4, 2010.** Petitioner's motion to expedite (Dkt. #14), is denied inasmuch as petitioner's motion to compel and motion for an extension of time has necessarily delayed resolution of the merits of his petition.

Dated: Buffalo, New York
May 5, 2010

    s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**